IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| THE ESTATE OF MARY SUE WELSH, <br> C/O MARTIN EUGENE WELSH, P.R. <br><br> *Plaintiff*, <br><br> v. <br><br> MICHAELS STORES, INC. <br><br> and <br><br> THE MICHAELS COMPANIES, INC., <br><br> and <br><br> KIMCO REALTY CORPORATION <br><br> and <br><br> SNOWDEN 156, LLC <br><br> *Defendants.* | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> *    Case No: |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**NOTICE OF REMOVAL**

Defendants Michaels Stores, Inc. and The Michaels Companies, Inc. (collectively, "Defendant" or "Michaels"), by counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby files its Notice of Removal of this action to the United States District Court for the District of Maryland, Northern Division. As addressed below, this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among the parties, and it is plain from the face the Complaint that the plaintiff, The Estate of Mary Sue Welsh ("Plaintiff"), seeks judgment in excess of $75,000, exclusive of interest and costs, for her claimed personal injuries". In further support of this Removal, Michaels states as follows:

## INTRODUCTION

1. Plaintiff initiated this survival action pursuant to MD Courts and Judicial Proceedings Code § 6-401 by filing a complaint in the Circuit Court for Howard County Maryland, naming Michaels, Kimco Realty Corporation, and Snowden 156, LLC as defendants. The state court action was assigned case number 5-13-CV-19-000182.

2. Plaintiff's Complaint alleges that she was injured as she approached the exit to a Michaels' store when she was caused to fall to the floor by defective tile. (Compl. ¶¶ 3, 13-4.) Michaels denies Plaintiff's allegations.

## GROUNDS FOR REMOVAL

I. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

   A. <u>Removal is timely and the amount in controversy exceeds $75,000.</u>

3. Removal is timely pursuant to 28 U.S.C. 1446(b) because Defendant's Notice of Removal was made within thirty (30) days of service of the Summons and Complaint upon the last served defendant. *See* 28 USCS § 1446(b)(2)(c) (codifying the later-served defendant rule); *Barbour v. Int'l Union*, 594 F.3d 315 (4th Cir. 2010) (adopting the "last-served defendant" rule).

4. The amount in controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of Plaintiff's Complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

5. The Complaint states that "this action is brought and the Estate claims damages in excess of Seventy-Five Thousand Dollars". (Compl., "WHEREFORE" clauses.)

6. Further, pursuant to 28 U.S.C. §1446 (c)(2)(A), Defendant states the amount in controversy exceeds the sum of $75,000 as Plaintiff has alleged that as a result of the incident, she sustained "pre-impact fright, concussion, and extensive pain from her injuries to include cervical

radiculopathy to her right arm and inability to use her right wrist." (Compl. ¶ 22.)

7. Although Michaels denies that Plaintiff is entitled to any award of damages, the Court should infer from Plaintiff's purported damages that she is seeking recovery in an amount in excess of this Court's jurisdictional minimum. *See e.g., Duchesne v. Am. Airlines, Inc.,* 758 F.2d 27, 28-30 (1st Cir. 1985) (holding that ten months of dizziness and headaches supported claim in excess of $ 10,000 in 1984 dollars despite "negligible" medical expenses); *Gebbia v. Wal-Mart Stores, Inc.,* 233 F. 3d 880, 882 (5th Cir. 2000) (holding that the amount in controversy was facially apparent from the pleadings where the plaintiff sought damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, as well as permanent disability and disfigurement); *Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 221 (D.N.H. 2004) ("Evans's claims for her own alleged Hepatitis A and the loss of consortium and emotional distress…could be valued at $ 75,000 or more); *Gabrielle v. Allegro Resorts Hotels*, 210 F. Supp. 2d 62, 65 (D.R.I. 2002) ("The fact that Gabrielle and Rollins each allege that they are still disabled almost two years after the incident and that their disabilities will continue indefinitely into the future weighs heavily in favor of a finding that the Complaints demonstrate that the amount in controversy reasonably exceeds $ 75,000.00."). In sum, Plaintiff's allegations in her Complaint make clear that her claim for damages satisfies the jurisdictional requirements of 28 U.S.C. § 1332(a).

B. <u>There is complete diversity among the parties</u>.

8. Upon information and belief, at all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, Plaintiff was a resident, citizen and domicile of the State of Maryland. (Compl. ¶ 1.)

9. For purposes of diversity of citizenship, a corporation is deemed to be a citizen of

both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. §1332 (c)(1).

10. At all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, defendants Michaels Companies, Inc. and Michaels Stores, Inc. were and still are Delaware corporations with their principal place of business in Irving, Texas, and, thus, were and still are citizens of the States of Delaware and Texas for purposes of determining diversity.

11. Upon information and belief, at all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, Kimco Realty Corporation ("Kimco") was, and still is, a Maryland corporation with its principal place of business in Maryland.

12. For purposes of diversity of citizenship, "the citizenship of an LLC is determined by the citizenship of its members. And as with partnerships, where an LLC has, as one of its members, another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (quoting *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003)).

13. At all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, Snowden 156, LLC (Snowden) was a limited liability company whose membership/ownership is unknown to Michaels.

14. Upon information and belief, the citizenship of defendants Kimco and Snowden may be ignored for purposes of diversity of citizenship as they are nominal and/or fraudulently joined parties.

15. For purposes of diversity of citizenship, "nominal" parties that have been joined to the action must be disregarded, and the Court need only rest the jurisdiction upon the citizenship of the real parties to the controversy. *See, e.g., Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-461 (1980). When determining what constitutes a "nominal party" for removal purposes, courts have reviewed whether there is any "legal possibility for predicting" that the party could be found liable. *See Creed v. Virginia*, 596 F. Supp. 2d 930 (E.D. Va. 2009) (citing *Allen v. Monsanto Co.*, 396 F. Supp. 2d 728, 733 (S.D.W.Va. 2005). Courts have also considered "whether a court would be able to enter a final judgment favoring the plaintiff in the absence of the purportedly nominal defendant without materially affecting the relief due to the plaintiff." *Creed*, 596 F. Supp. 2d at 935; *accord Blue Mako, Inc, v. Minidis*, 472 F. Supp. 2d 690, 696 (M.D.N.C. 2006).

16. The entirety of Plaintiff's cause of action against Kimco and Snowden is premised on their alleged ownership of the subject premises. (Compl. ¶¶ 6; 25). Upon information and belief, neither Kimco nor Snowden owned the premises that are the subject of Plaintiff's Complaint. Therefore, there is no legal possibility of predicating liability against them. (*See* Answer of Kimco & Snowden (Defendants [Kimco & Snowden] do not own or maintain the subject property upon which Plaintiff claims injury and owes no premises liability duty as a result").) Moreover, Plaintiff's Complaint is barred by the applicable stature of limitations as to the actual owner.

17. Additionally, the citizenship of "fraudulently joined" parties is ignored when determining whether complete diversity is present. *See Boss v. Nissan N. Am.*, 228 Fed. App'x. 331, 334-335 (4th Cir. 2007); *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). Fraudulent joinder of non-diverse defendants does not prevent removal. *See Mayes v. Rapoport,* 198 F.3d 457, 461 (4th Cir. 1999); *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998) (noting fraudulent joinder is a judicially-created doctrine providing an exception to the complete

diversity requirement). When a defendant is fraudulently joined, the "district court can disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Rapoport,* 198 F.3d at 461.

18. The joinder of Kimco and Snowden is nominal and/or fraudulent because Plaintiff has not stated, and cannot state, a cognizable cause of action against them. Additionally, this Court would be able to enter final judgment favoring Plaintiff in the absence of these defendants without materially affecting the relief due to Plaintiff.

19. Accordingly, at all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, there was and still is complete diversity among the parties, and removal is proper under 28 U.S.C. §§ 1332 and 1441(b).

C. <u>Venue and other requirements are satisfied.</u>

20. This Court has jurisdiction of this action by reason of diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(b). Venue for removal is proper in this District and Division, *see* 28 U.S.C. § 1441(a), because this District and Division embraces the Circuit Court for Howard County Maryland, the forum in which the removed action was pending. *See* 28 U.S.C. § 81(a)(3). Thus, this Court is the proper venue for this action pursuant to 28 U.S.C. §1441(a).

21. Michaels is not a citizen of the State of Maryland, the state where this action was brought. *See* 28 U.S.C. § 1441(b)(2).

22. The undersigned hereby certifies that all defendants who have been properly joined and served join in and consent to the removal of this action.

23. Pursuant to 28 U.S.C. § 1446(a), a true and legible copy of all process, pleadings, and orders served upon Defendant in the original state court action as of this date are attached

hereto as "**Exhibits A**" through "**Exhibit G**."

24. Pursuant to 28 U.S.C. § 1446(d), Defendant filed a written notice of removal with the Clerk of the Circuit Court for Howard County Maryland, where this action was pending, a copy (without exhibits) of which is attached hereto as "**Exhibit H**." A copy of this Notice of Removal is being served upon Plaintiff's counsel as required by 28 U.S.C. § 1446(d).

25. By filing this Notice of Removal, Defendant does not waive any defenses, including without limitation, failure to state a claim, lack of personal jurisdiction, improper venue or forum, all defenses specified in Fed. R. Civ. P. 12, or any other defense.

26. If any question arises regarding the propriety of the removal of this action, Michaels respectfully requests the opportunity to present a memorandum and oral argument in support of the position that this case is removable and conduct discovery related to the facts that support removal.

WHEREFORE, Michaels Stores, Inc. and The Michaels Companies, Inc. respectfully removes this action to the United States District Court for the District of Maryland, Northern Division pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

    Respectfully submitted,

    MICHAELS STORES, INC. and THE MICHAELS COMPANIES, INC.

    ____/s/ Justin A. Thatch_____

Justin A. Thatch (Bar No. 20067)
C. Stephen Setliff (*pro hac application to follow removal*)
Eli Jason S. Mackey (*pro hac application to follow removal*)
SETLIFF LAW, P.C.
4940 Dominion Boulevard
Glen Allen, Virginia 23060
Telephone:     (804) 377-1260

Facsimile:     (804) 377-1280
Email:  ssetliff@setlifflaw.com
           jmackey@setlifflaw.com
*Counsel for Michaels*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd of April 2019, the foregoing document was duly served by mailing a copy to the following attorney of record not yet participating in the CM/ECF system, in accordance with the provisions of Rule 5, Federal Rules of Civil Procedure:

Patrick G. Cullen, Esq.
920 Providence Rd.
Suite'405
Towson, MD. 21286
410-337-8577
Attorney # 6310010018
pat.cullen@office-associates.com
*Attorney for Plaintiff*

Matthew T. Angotti, (CPF #: 8812150014)
Ariana K. DeJan-Lenoir, (CPF #1512150164)
Anderson Coe King, LLP
7 St. Paul Street, Ste. 1600
Baltimore, MD 21202
Ph.: (410) 752-1630 / Fx: (410) 752-0085
angotti@acklaw.com
*Attorney for Defendants*
*Kimco Realty Corporation and*
*Snowden 156, LLC*

\_\_\_\_\_/s/_____
Justin A. Thatch