IN THE CIRCUIT COURT FOR HOWARD COUNTY

THE ESTATE OF MARY SUE WELSH     :
C/O MARTIN EUGENE WELSH, P.R.
10725 Judy Lane                  :
Columbia, MD 21044
                      PLAINTIFF                              :
V.

MICHAELS STORES, INC.            :
5931 CAMPUS CIRCLE DRIVE
IRVING TX 75063                  :

SERVE ON:                        :

    CSC-LAWYERS INCORPORATING
    SERVICE COMPANY
    7 ST. PAUL STREET
    BALTIMORE, MD. 21202         :

    AND                          :

THE MICHAELS COMPANIES, INC.     :
800 BENT BRANCH DRIVE
IRVING, TX. 75063                :

SERVE ON:                        :

    MARYLAND SECRETARY OF STATE
    16 FRANCIS STREET
    ANNAPOLIS, MD. 21401         :

                                 :    Civil   Action   No.
                                      C-13-CV-19-000182

    AND

KIMCO REALTY CORPORATION         :
2405 YORK ROAD
LUTHERVILLE-TIMONIUM MD. 2193-2264  :

SERVE ON:
    THE CORPORATION TRUST, INCORPORATED  :
    2405 YORK ROAD
    SUITE 201

1

LUTHERVILLE TIMONIUM MD 21093-2264

:

Snowden 156, LLC
2405 YORK ROAD

LUTHERVILLE-TIMONIUM MD. 2193-2264      :

:

SERVE ON:
THE CORPORATION TRUST, INCORPORATED    :
2405 YORK ROAD
SUITE 201
LUTHERVILLE TIMONIUM MD 21093-2264    :

DEFENDANTS    :

:   :   :   :   :   :   :   :   :   :   :   :   :

## COMPLAINT AND ELECTION FOR JURY TRIAL

Comes now the Plaintiff, by Patrick G. Cullen, Esq., its attorney, and files this Complaint and Election for Jury Trial and in support thereof states as follows.

(A) The Parties

1. This tort action is brought on behalf of the Estate of Mary Sue Welsh. The Estate was opened with the Register of Wills for Howard County, Maryland and assigned Estate Number 28589. The Personal Representative for the Estate is Martin Eugene Welsh who has requested this action be filed.

2. Mary Sue Welsh sustained serious personal injury on February 29, 2016. She, as a business invitee,

3. was injured as she approached the exit to a Michaels' store (hereinafter referred to as "the store") located at 9041 Snowden River Parkway in Columbia, Maryland.

4. Mary Sue Welsh was 75 years of age at the time of the occurrence. She died at age 76.

2

5. The store was being used by Michaels Stores, Inc. and The Michaels Companies, Inc. (hereinafter collectively referred to as "Michaels") for retail sales. They are said to be North America's largest specialty provider of arts, crafts, framing, floral, wall décor and seasonal merchandise for makers and do-it-yourself home decorators. As of August 2018, the companies reported that they owned and operated 1,251 Michaels store locations.

6. Kimco Realty Corporation and/or Snowden 156, LLC owned the building at 9041 Snowden River Parkway, Columbia, MD at which the injury occurred. They are corporations that specialize in the purchase and operation of shopping malls throughout the country.

7. This case is brought against these defendants on account of their injury causing negligence as hereinafter described without any negligence on the part of Mary Sue Welsh contributing thereto.

(b). Duties of the Defendants

8. Defendants, individually and collectively, had a duty to exercise ordinary care to keep the premises in a reasonably safe condition.

9. Defendants, individually and collectively, had a duty to exercise ordinary care to make reasonable inspections to discover dangerous conditions.

10. Defendants, individually and collectively, had an obligation to warn business invitees of known hidden dangers.

11. Defendants, individually and collectively, had a duty to take reasonable precautions against foreseeable dangers.

12. With reference to specific conditions Defendants and others in their positions were given a reasonable time to discover the dangerous conditions and correct them.

(c). The accident

13. The accident occurred as Mrs. Welsh was pushing her shopping cart toward the exit she of the building. She entered an area where a six foot by six foot (estimated) portion of the tile floor was wavy, buckling and had on it multiple small obstructions estimated to be one and one half inches high. .

14. As Mrs. Welsh entered the six foot by six foot area, the shopping cart and/or Mrs. Welsh's right foot hit the obstructions in such a fashion that she was caused to fall to the floor.

15. Mrs. Welsh fell to the floor, landed on her right shoulder and struck her head on the tile floor losing consciousness. As she fell, she held on to the cart that turned over on its side and struck her. As the result of her fall she sustained a fracture to her right humerus, hematoma to her forehead, and bruises to the right and left side of her body, her face and right wrist.

(d). Additional allegations

16. With reference to Kimco Realty Corporation and Snowden 156, LLC, and the allegations of paragraphs 8 through 12 above, they did no inspection, found no dangerous condition although they had had years to do inspections. They provided no corrective action or warning to business invitees such as Mrs. Welsh.

17. With reference to Michaels, long before Mrs. Welsh fell, other customers at the store tripped and fell and/or pointed out the defective, dangerous condition of the floor to management at the store. Michaels has two security cameras aimed in the direction of the exit

but those cameras did not show the actual exit from the store so as not to show the area where customers had fallen.

18. Michaels, on at least one occasion before this occurrence, called a contractor who set a date for remedial work at the site of the dangerous mound. The contractor never appeared. Michaels did not follow up with that contractor or any other contractor and did not warn any customer about the defective flooring.

19. Michaels presumably had or could get the kinds of warning placards commonly placed on commercial floors to warn of accidental liquid spills or waxing or mopping operations. No such signs were placed at or near the stores exit.

20. To this day Michaels has not removed the obstruction. Snowden 156, LLC did some time after the accident did install several new tiles at the exit.

21. The site of the accident was not and is not reasonably safe.

22. Mrs. Welsh not only sustained the physical injuries listed above, she also experienced pre-impact fright, concussion, and extensive pain from her injuries to include cervical radiculopathy to her right arm and inability to use her right wrist.

Count 1.Count One

(Negligence of Michaels Stores, Inc. and The Michaels Companies, Inc.)

23. Plaintiff adopts and incorporates herein the allegations of paragraphs 1 through 22 and brings this action for negligence against Michael Stores, Inc. and The Michaels Companies, Inc. and states that Mrs. Welsh's injuries were caused by their negligence as well as that of the codefendants jointly and severally with no negligence on the part of Mrs. Welsh contributing thereto.

WHEREFORE this action is brought and the Estate claims damages in excess of Seventy-Five Thousand Dollars.

### Count Two

(Negligence of Kimco Realty Corporation and Snowden 156, LLC.)

24. Plaintiff adopts and incorporates herein the allegations of paragraphs 1 through 22 and brings this action for negligence against Kimco Realty Corporation and Snowden 156, LLC and states that Mrs. Welsh's injuries were caused by their negligence as well as that of the codefendants jointly and severally with no negligence on the part of Mrs. Welsh contributing thereto.

25. The negligence of the property owners consisted in breaching their duty to hand over a safe building for its intended purpose and failing to inspect the premises before and after the tenancy of the codefendants began. Specifically these defendants failed to discover the defects in the tile where the accident occurred in that (a) the tile had no expansion room to allow for contraction and expansion, (b) the tile was located where there were frequent changes in temperature, and (c) there were chemical reactions beneath the tile and/or excess water accumulation that caused the area where a six foot by six foot (estimated) portion of the tile floor was wavy, buckling with multiple small obstructions estimated on be one and one half inches high.

WHEREFORE this action is brought and the Estate claims damages in excess of Seventy-Five Thousand Dollars

/s/ Patrick G. Cullen
Patrick G. Cullen, Esq.
920 Providence Rd.
Suite 405
Towson, MD. 21286
410-337-8577
Attorney # 6310010018
pat.cullen@office-associates.com
Attorney for Plaintiff

## Certification as to Personal Identifier Information

I hereby certify that this Complaint against Michaels Stores, Inc., et. al. does not contain any personal identifier information as the Defendants are not persons and "persons" are not otherwise mentioned in the Complaint except for the deceased Plaintiff and the Personal Representative.

/s/Patrick G. Cullen
Patrick G. Cullen

## ELECTION FOR JURY TRIAL

Plaintiff hereby requests that this matter be tried before a jury.

/s/ Patrick G. Cullen

Patrick G. Cullen, Esq.

7