# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

THE ESTATE OF MARY SUE WELSH  
C/O MARTIN EUGENE WELSH, P.R.

v.                                            Civil No. CCB-19-988

MICHAELS STORES, INC., et al.

\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM

On February 29, 2016, Mary Sue Welsh allegedly tripped and fell because of a bulging floor tile at a Michaels store located in the Snowden Square Shopping Center at 9041 Snowden River Parkway in Howard County, Maryland.[1] On February 14, 2019, through her Estate, she filed suit against Michaels Stores, Inc.; The Michaels Companies, Inc.; Kimco Realty Corp. ("Kimco"); and Snowden 156, LLC ("Snowden"). The defendants timely removed the case to this court on April 2, 2019. Now pending are the plaintiff's motion to remand (ECF No. 11), and the motion for summary judgment filed by Kimco and Snowden (ECF No. 23).

Michaels Stores, Inc. ("Michaels") has filed an answer. The Michaels Companies, Inc., already has been dismissed without opposition (ECF Nos. 12 and 24), and the plaintiff does not oppose summary judgment as to Snowden. Indeed the record developed in connection with the motions demonstrates that Snowden has no connection to the property where the Michaels store is located. That property is owned by JLPK Columbia, LLC, a Delaware limited liability company ("JLPK"), which leased it to Michaels. (ECF 21, Exhibits 3–10). JLPK has not been named as a defendant, and the statute of limitations has run.

The first question for the court is whether Kimco, which was incorporated in Maryland, is a proper defendant in this case, or has been "fraudulently joined." If Kimco is a proper defendant, there

---

[1] Ms. Welsh is now deceased, but her death is not alleged to be related to the injuries suffered in the fall.

1

is no diversity jurisdiction, and the motion to remand must be granted. The Estate relies on a website and an SEC filing to show that Kimco "owns and operates" multiple shopping centers across the country, one of which is Snowden Square, S.C., where the property owned by JLPK and leased to Michaels is located. The Estate asserts that Kimco is an "equitable owner" and likely pays the taxes on the property despite JLPK being the "titled" owner. (ECF 30, Reply, Exhibits 1–5). Kimco asserts that it was not the owner, and the fact the property was owned by a subsidiary is not sufficient to impute liability to Kimco.

To establish fraudulent joinder "the removing party must show either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015) (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)) (emphasis in original). This is an exceptionally heavy burden that is "more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Johnson*, 781 F.3d at 704 (quoting *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999)). The removing party must demonstrate that "the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Johnson*, 781 F.3d at 704 (quoting *Hartley*, 187 F.3d at 424). A plaintiff's claims against non-diverse defendants "need not ultimately succeed to defeat removal"; rather, the plaintiff "must show only a 'glimmer of hope' of succeeding against the non-diverse defendants." *Johnson*, 781 F.3d at 704 (citing *Marshall*, 6 F.3d at 223; *Mayes v. Rapoport*, 198 F.3d 457, 466 (4th Cir. 1999)).

The Estate alleges that Kimco breached its duty "to hand over a safe building for its intended purpose" and "to inspect the premises before and after the tenancy of the codefendants began." (ECF 2, Complaint ¶ 25). Although the Estate alleged in its complaint that Kimco owned the Michaels property, the defendants have since shown that the property is owned by JLPK. In its Reply, the Estate now argues that Kimco owed a duty to Ms. Welsh based on its status as an equitable owner of the Michaels property.

It is not clear what the Estate means by "equitable owner." To the extent that the Estate argues that Kimco owed Ms. Welsh a duty because Kimco 1) pays taxes on the Michaels property and 2) owns Snowden Square Shopping Center, in which Michaels is located, the Estate provides no case law in support of this.[2] As the Estate has so far alleged no basis for holding that Kimco owed Ms. Welsh a duty, the Estate has not shown any possibility of success against Kimco.

There is some suggestion, however, that Kimco may have assumed duties with respect to the maintenance or financial obligations of the Michaels property. (*See* Reply, Exhibits 1–4). The court notes that only portions of the lease are in the record, and neither the lease nor other documents in the record show whether Kimco has any direct involvement with the Michaels property or assumed any duties relevant to Ms. Welsh's injury.

Given that the present complaint was based on the Estate's factual misunderstanding, the court will deny the Estate's motion to remand without prejudice to permit the parties to conduct limited jurisdictional discovery and/or to allow the Estate to file an amended complaint. The court also will deny without prejudice the motion for summary judgment as to Kimco but grant it, without opposition, as to Snowden. A separate order follows.

10/9/19
Date

/s/ CCB
Catherine C. Blake
United States District Judge

---

[2] The owner of a property may be liable for the safety of the tenants or their guests. Although a landlord "ordinarily has no obligation to maintain the leased premises for the safety of the tenant," *Hemmings v. Pelham Wood Ltd. Liability Ltd. Partnership*, 375 Md. 522, 537–38 (2003), a landlord may be liable if she "agrees to rectify a dangerous condition in the leased premises, and fails to do so," *Matthews v. Amberwood Assocs. Ltd. Partnership, Inc.*, 351 Md. 544, 555 (1998), or maintains control over the portion of the property with the dangerous or defective condition, *Hemmings*, 375 Md. at 537. Any duty, though, arises from ownership or control of the premises, which the Estate has failed to show with respect to Kimco.

3