# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THE ESTATE OF MARY SUE WELSH, | * | |
| C/O MARTIN EUGENE WELSH, P.R. | * | |
| | * | |
| v. | * | Civil Action No. CCB-19-988 |
| | * | |
| MICHAELS STORES, INC. | * | |
| | ****** | |

## MEMORANDUM

Pending before the court are several matters concerning counsel for the Estate of Mary Sue Welsh ("the Estate")'s conduct in this litigation. On October 22, 2020, defendant Michaels Stores, Inc. ("Michaels") filed a motion for Rule 11 sanctions against the Estate and/or its counsel (ECF 114). And in relation to two later filings by counsel for the Estate (a "motion for inquiry" and a motion for leave to file a second amended complaint), the court itself directed counsel for the Estate to show cause why those filings did not violate Rule 11(b). (ECFs 121, 127). The motion for sanctions has been fully briefed, and counsel for the Estate has had the opportunity to respond to the court's orders; no oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the following reasons, the court will grant the motion for sanctions and will, pursuant to Rule 11, the court's inherent power to sanction, and 28 U.S.C. § 1927, preliminarily award Michaels reasonable attorneys' fees against the Estate's counsel for costs associated with responding to the second motion to remand, the motion for inquiry, and the motion for leave to file a second amended complaint.

## BACKGROUND

This action originated in 2016, when the Estate filed a complaint in the Circuit Court for Howard County, Maryland, on behalf of the deceased Mary Sue Welsh, alleging that Ms. Welsh tripped and fell at a Michaels store located in the Snowden Square Shopping Center in Howard

County, Maryland, because of an uneven floor tile.[1] The Estate brought a negligence claim under Maryland state law against Michaels; The Michaels Companies, Inc.; Kimco Realty Corp. ("Kimco"); and Snowden 156, LLC ("Snowden").[2] The defendants timely removed the case to this court, and the Estate filed a motion to remand on the ground that Kimco, a Maryland corporation, was not a diverse party. (ECF 11). Michaels opposed the motion, claiming that the Estate had fraudulently joined Kimco. (ECF 21). The court found that the claims against Kimco were based on the Estate's possible factual misunderstanding regarding Kimco's ownership interest in the Snowden Square Shopping Center and the possibility that, though Kimco did not own the Michaels property, it may have assumed duties with respect to the maintenance or financial obligations of the property. The court denied the motion to remand without prejudice, finding that the Estate had "so far alleged no basis for holding that Kimco owed Welsh a duty," but allowed that the parties could "conduct limited jurisdictional discovery" or that the Estate could file an amended complaint. (ECF 36 at 3).

The Estate then filed an amended complaint, in which it admitted that Kimco did not own the Michaels store (ECF 54 ¶ 5). On August 18, 2020, the Estate and Kimco stipulated to the dismissal, with prejudice, of all claims against Kimco, (ECF 80; *see also* ECF 81), because, as the Estate later conceded, "the evidence did not support a cause of action against Kimco on all the discovery done." (ECF 104 at 5). Approximately one month later, however, the Estate filed a second motion to remand, alleging that Kimco did in fact own and manage the premises where Welsh fell, and arguing that this court should remand the case to the Circuit Court for Howard

---

[1] As explained in the court's earlier memorandum concerning its jurisdiction in this case, Ms. Welsh's death was not related to injuries suffered in the fall. (ECF 36 at 1).

[2] The Michaels Companies, Inc. has been dismissed and summary judgment has already been awarded to Snowden, without opposition. (ECFs 12, 24, 36).

County. (ECF 92). Michaels opposed the motion (ECF 95) and also filed a motion for summary judgment (ECF 94). Following the completion of briefing on the second motion to remand and the motion for summary judgment, Michaels moved for Rule 11 sanctions against the Estate, arguing that the Estate's second motion for remand was not well grounded in law or fact, and a reasonable attorney in the place of the Estate's counsel would not, and could not, have believed otherwise. (ECF 114; ECF 114-1 at 3).

One day after Michaels filed its motion for sanctions, counsel for the Estate, on behalf of the Estate, filed a "motion for inquiry" which accused counsel for Michaels of committing several criminal acts, including hacking into counsel for the Estate's computer and removing files related to this case, and threatening counsel for the Estate by "increas[ing] the voltage in a line connecting the phones in [counsel's] home to the external wire for phone service," causing him to lose phone service at his home. (ECF 115). The motion urged the court to investigate these allegations of criminal conduct. (*Id.*) Counsel for Michaels rebutted these charges in five sworn affidavits by counsel and counsel's law firm. (*See* ECFs 117-1, 117-2, 117-3, 117-4, and 117-5). The court denied the motion, finding that the charges against counsel for Michaels were "irresponsible" and "baseless," and noted that in the face of counsel for Michaels's rebuttal, counsel for the Estate refused on reply (ECF 119) to withdraw his groundless accusations in favor of levying them also against Michaels itself and its insurer. (ECF 121). Because it appeared that the motion and reply had "absolutely no basis in fact or law," the court exercised its authority under Fed. R. Civ. P. 11(c)(3) and ordered counsel for the Estate to show cause why his filing and pursuit of the motion for inquiry did not violate Rule 11(b). (*Id.*). The court also issued a separate show cause order requiring the Estate to respond to Michaels's motion for sanctions, in accordance with Local Rule 105.8(b). (ECF 120).

Counsel did not respond to Michaels's motion for sanctions or the court's show cause order regarding the motion for inquiry. Instead, counsel refiled Michaels's own motion for sanctions as his "opposition" to the motion for sanctions (ECF 122), and filed a motion for leave to file a second amended complaint, which sought to add "intentional tort[]" claims against Michaels and an unidentified "New Defendant" based on the allegations submitted in the earlier motion for inquiry, (ECF 125-1, Proposed Amended Complaint ¶¶ 28–37). In an order dated December 16, 2020, the court reiterated that there was no support for those allegations, found that the motion for leave to amend had no basis in fact or law, and denied the motion. (ECF 127). The court considered counsel's failure to respond to the show cause order in favor of filing a second baseless motion to be a continuation of a "pattern of recklessly accusing defendants and other unidentified persons or entities of criminal conduct." (*Id.*). The court again exercised its authority under Rule 11(c)(3) and ordered counsel to show cause why his filing and pursuit of the motion to amend did not violate Rule 11(b). (*Id.*).

On the same day, the court issued a memorandum and an order denying the Estate's motion to remand and granting Michaels's motion for summary judgment on the merits. (ECFs 128, 129).[3] In denying the motion to remand, the court explained that the motion had not altered the court's earlier conclusion that there was no basis for a claim against Kimco (ECF 128 at 3) and that the Estate's assertions to the contrary contradicted "all evidence before the court and the Estate's own amended complaint," which explicitly admitted that Kimco did not own the Michaels property. Moreover, in its reply in support of the second motion to remand, the Estate perplexingly acknowledged that "the evidence did not support a cause of action against Kimco," yet continued

---

[3] In the same order, the court also denied an earlier motion by the Estate to exclude Michaels's expert from testifying at trial. (*Id.*).

to assert that remand was proper. (ECF 104 at 5). The court concluded that Kimco had been fraudulently joined because there was no possibility that the Estate would be able to establish a cause of action against Kimco. (ECF 128 at 4).

Thereafter, on December 23, 2020, counsel for the Estate responded to the court's order directing him to show cause why the filing of the motion for leave to amend did not violate Rule 11(b). Counsel reiterated his accusations against counsel for Michaels and argued that the motion was justified because the factual contentions within it had "evidentiary support" and were warranted by existing law to prevent further criminal acts and to "keep the litigation going to give Plaintiff a shot at recovery." (ECF 130).

## DISCUSSION

Fed. R. Civ. P. 11(b) states that an attorney who presents a "pleading, written motion, or other paper" to the court "whether by signing, filing, submitting, or later advocating it":

certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

The rule imposes on counsel a duty to conduct a reasonable investigation into the factual and legal bases of their claims or positions. *See Brubaker v. City of Richmond*, 943 F.2d 1363, 1373 (4th Cir. 1991). If the rule is violated, the opposing party may file a motion for sanctions by

serving it on the alleged violator, who then has twenty-one days in which to withdraw or appropriately correct the material at issue. Fed. R. Civ. P. 11(c)(2). If such measures are not taken within this "safe harbor" period, the motion may be filed with the court. *Id.* Michaels filed with its motion for sanctions a certificate of service certifying that the motion was provided to counsel for the Estate on September 30, 2020, twenty-one days in advance of the filing of the motion with the court, in compliance with Rule 11(c)(2). (ECF 114 at 4).

"[I]mposition of sanctions is discretionary with the Court, not mandatory." *Thomas v. Treasury Mgmt. Assoc.*, 158 F.R.D. 364, 369 (D. Md. 1994) (citing *Knipe v. Skinner*, 19 F.3d 72, 78 (2d Cir. 1994), in explaining that the 1993 amendment to Rule 11 "makes it clear that the imposition of sanctions is discretionary with the Court, not mandatory"). "[T]he primary, or 'first' purpose of Rule 11 is to deter future litigation abuse. A district court can and should bear in mind that other purposes of the rule include compensating the victims of the Rule 11 violation, as well as punishing present litigation abuse, streamlining court dockets and facilitating court management." *In re Kunstler*, 914 F.2d 505, 522–23 (4th Cir. 1990).

### I.     Motion for Remand

The Estate's filing of the second motion to remand violated Rule 11(b)(2) and 11(b)(3). In determining whether a legal contention fails to satisfy Rule 11(b)(2), the court applies a standard of objective reasonableness, focusing on whether a reasonable attorney in like circumstances could have believed their actions to be legally justified. *In re Sargent*, 136 F.3d 349, 352 (4th Cir. 1998). "'The legal argument must have absolutely no chance of success under the existing precedent' to contravene the rule." *Morris v. Wachovia Sec'ys, Inc.*, 448 F.3d 268, 277 (4th Cir. 2006) (quoting *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 153 (4th Cir. 2002)). "Factual allegations fail to satisfy Rule 11(b)(3) when they are 'unsupported by any information obtained prior to filing.'" *Id.*

(quoting *Brubaker*, 943 F.2d at 1373).

In ruling on the first motion to remand, the court made clear that it suspected Kimco had been fraudulently joined to this action based on a possible factual misunderstanding regarding Kimco's ownership interest in the Michaels store and the duties it had with respect to the property.[4] Out of caution, the court permitted limited jurisdictional discovery into Kimco's responsibilities over or interest in the property at issue. That discovery revealed that Kimco did not own the Michaels store at the time of Ms. Welsh's injury and did not have any responsibility for maintaining the premises. By the time the Estate filed the second motion to remand, the Estate had admitted in an amended complaint that the property at issue was owned by JLPK-Columbia, not Kimco (ECF 54 ¶ 5), and knew that the lease agreement between JLPK and Michaels assigned Michaels the sole responsibility for the maintenance of the interior of the premises, where Ms. Welsh fell (ECF 60-3 at 20). Faced with the knowledge that there was no basis for having included claims against Kimco in the original complaint and having *voluntarily dismissed* Kimco from the action with prejudice, counsel for the Estate nonetheless filed a second motion to remand. On these facts, no reasonable attorney in like circumstances could have believed there was a basis for having joined Kimco to the action at the outset such that there was a credible argument to be made in a motion to remand that Kimco was not, as the court had suspected, fraudulently joined. And, as the court stated in its ruling on the motion to remand, counsel's continued assertions in the second

---

[4] To establish fraudulent joinder, a party must "show either outright fraud in the plaintiff's pleading of jurisdictional facts or that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015) (internal quotation marks and citations omitted) (emphasis in original). The latter basis for finding fraudulent joinder requires that the removing party demonstrate that "the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor[.]" *Id.* (quoting *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999)).

motion for remand that Kimco was the owner or the property manager of the Michaels store "contradict[ed] all evidence before the court" (ECF 128 at 3) and were unsupported by any information the Estate possessed prior to the filing of the motion. Moreover, counsel for the Estate has made no attempt to justify the filing of the motion. The pursuit of the motion with the knowledge that there was no legal or factual basis for it merits an award of sanctions.

## II.      Motion for Inquiry and Motion for Leave to Amend

While the second motion to remand was groundless, the filing of the motion for inquiry and the motion for leave to file a second amended complaint was an egregious abuse of the court system. Counsel for the Estate levied extremely serious accusations of criminal conduct against counsel for Michaels and, at times, Michaels itself or its insurer. Counsel has not provided one iota of evidentiary support for these accusations and, despite the multiple opportunities the court provided to allow him to withdraw or explain these claims, counsel continued to insist opposing counsel was responsible for the alleged hacking and that the amended complaint was filed "to keep the litigation going." (ECF 130 at 3–4). The court views counsel's recalcitrance and his admission that these filings were in service of trying to prolong the litigation in the hopes of a favorable outcome for his client as evidence that the motion for inquiry and the motion for leave to file a second amended complaint were instituted for an "improper purpose" to unnecessarily delay this litigation. Rule 11 sanctions are warranted to deter such dilatory and abusive tactics. *See Bockman v. Lucky Stores, Inc.*, 108 F.R.D. 296, 298–99 (E.D. Cal. 1985) (motion to disqualify opposing counsel based on unverified and unsupported accusations of ethical violations was "precisely the type of motion . . . Rule 11 was intended to deter" and sanctions awarded).

## III.      Imposition of Sanctions

"Rule 11 does not specify the sanction to be imposed for any particular violation of its

provisions," but the rule, along with its advisory committee notes, provides substantial guidance. *Hunter*, 281 F.3d at 150–51. The court may select from a variety of possible sanctions, including monetary sanctions. *See* Fed. R. Civ. P. 11(c)(4) and advisory committee's notes to 1993 amendment. But a sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." *Id.*; *see also In re Kunstler*, 914 F.2d at 522 ("[T]he least severe sanction adequate to serve the purposes of Rule 11 should be imposed."). When the court is considering imposing sanctions *sua sponte*, the court is "obliged to use extra care" in imposing sanctions. *Hunter*, 281 F.3d at 151.

As sanctions are first and foremost meant to "deter rather than to compensate," "if a monetary sanction is imposed, it should ordinarily be paid into court as a penalty. However, under unusual circumstances, . . . deterrence may be ineffective unless the sanction . . . also directs that some or all of this payment be made to those injured by the violation." Fed. R. Civ. P. 11(c)(4), advisory committee's notes to 1993 amendment. Reasonable attorneys' fees may also be awarded pursuant to the court's inherent powers against a litigant "who has pursued a claim that is deemed to have been vexatious, wanton, or made in bad faith," and pursuant to 28 U.S.C. § 1927, which provides that "a court may sanction any attorney or other person admitted to conduct cases in federal court who multiplies the proceedings unreasonably and vexatiously." *Davis v. Target Stores Div. of Dayton Hudson Corp.*, 87 F. Supp. 2d 492, 494–95 (D. Md. 2000). In determining the amount of a monetary award, the court should consider "(1) the reasonableness of the opposing party's attorney's fees; (2) the minimum to deter; (3) the ability to pay; and (4) factors related to the severity of the Rule 11 violation." *In re Kunstler*, 914 F.2d at 523.

Counsel for the Estate in this litigation has subjected counsel for Michaels and the court to a number of groundless and improper filings and, despite the court's efforts to allow counsel to

retract or justify his accusations, he has more than once doubled down on his irresponsible accusations against his opposing counsel. In light of counsel's inability to heed the court's warnings, the unusual severity of counsel's vexatious accusations, and his admission that his conduct was an effort to prolong the litigation, it appears that a sanction short of an award of reasonable attorneys' fees to Michaels would not adequately deter counsel for the Estate from repeating this conduct.[5] Accordingly, the court will, preliminarily, award reasonable attorneys' fees to Michaels for the cost of responding to the second motion to remand, the motion for inquiry, and the motion for leave to file a second amended complaint. Counsel for Michaels will be given twenty-one (21) days from the court's order to file an appropriate affidavit and declaration of fees, and counsel for the Estate will be given twenty-one (21) days from the filing of Michaels' affidavit and declaration of fees to contest the reasonableness of the fees, as well as whether those fees are more than the minimum necessary to deter in light of his financial and personal circumstances.

## CONCLUSION

For the foregoing reasons, the court will grant the motion for sanctions and will, pursuant to Rule 11, the court's inherent power to sanction, and 28 U.S.C. § 1927, preliminarily award to Michaels' Stores, Inc. reasonable attorneys' fees for costs associated with responding to the second motion to remand, the motion for inquiry, and the motion for leave to file a second amended complaint. A separate Order follows.

6/21/21                                                                    /S/
Date                                                              Catherine C. Blake
                                                                 U.S. District Court Judge

---

[5] Counsel's client, the Estate, appears to be entirely blameless for counsel's conduct and should not be required to pay sanctions.